Michael S. Danko (State Bar No. 111359
Email: mdanko@dankolaw.com
Claire Y. Choo (State Bar No. 252723)
Email: cchoo@dankolaw.com
**DANKO MEREDITH, APC**
333 Twin Dolphin Drive, Suite 145
Redwood Shores, CA 94065
Tel: 650-453-3600
Fax: 650-394-8672


Stuart R. Fraenkel (State Bar No. 173991)
Carlos F. Llinás Negret (State Bar No. 284746)
Nicole C. Andersen (State Bar No. 281218)
**NELSON & FRAENKEL LLP**
707 Wilshire Boulevard, Suite 3600
Los Angeles, CA 90017
Tel.: 213-622-6469
Fax: 213-622-6019
Email: stuart@nflawfirm.com

*Attorneys for Plaintiffs ESRA SEVER,* individually, and as parent and natural guardian of her minor children, A.S. and B.S.; *ESRA SEVER,* Personal Representative of the Estate  Ahmet Cagri Sever, deceased; A.S., a minor, individually and as Successor-in-Interest to the Estate of Ahmet Cagri Sever, deceased, by her Guardian ad Litem Esra Sever; and B.S., a minor, individually and as Successor-in-Interest to the Estate of Ahmet Cagri Sever, deceased, by her Guardian ad Litem, Esra Sever.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### IN ADMIRALTY

| | |
|---|---|
| ESRA SEVER, individually, and as parent and natural guardian of her minor children, A.S. and B.S.; ESRA SEVER, Successor-in-Interest to, and Personal Representative of the Estate of Ahmet Cagri Sever, deceased; A.S., a minor, individually and as Successor-in-Interest to the Estate of Ahmet Cagri Sever, deceased, by her Guardian ad Litem Esra Sever; and B.S, a minor, individually and as Successor-in-Interest to the Estate of Ahmet Cagri Sever, deceased, by her Guardian ad Litem, Esra Sever.<br><br>        Plaintiffs, | CASE NO.:<br><br>**COMPLAINT FOR NEGLIGENCE AND DEMAND FOR JURY TRIAL**<br><br><br>Filed:  1/26/2017 |

1  vs.

2  ICON AIRCRAFT, INC.; MATTHEW
3  WOODRUFF, an individual; KURT PARKER,
   an individual, EDWARD ELLIS KARKOW as
4  Personal Representative of the Estate of Jon
   Karkow (deceased); and DOES 1 through 12,

5

6  Defendants.

7

8  **COMPLAINT AND DEMAND FOR JURY TRIAL**

9  ESRA SEVER, individually, and as parent and natural guardian of her minor children, A.S. and

10  ESRA SEVER as Successor-in-Interest to, and as Personal Representative of the Estate of Ahmet

11  Cagri Sever (deceased); A.S., a minor, individually and as Successor-in-Interest to the Estate of

12  Ahmet Cagri Sever (deceased), by her Guardian ad Litem Esra Sever; and B.S., a minor,

13  individually and as Successor-in-Interest to the Estate of Ahmet Cagri Sever (deceased), by her

14

15  Guardian ad Litem, Esra Sever (collectively "Plaintiffs"), through their attorneys DANKO

16  MERIDITH APC and NELSON & FRAENKEL, LLP, file their Complaint against Defendants

17  ICON AIRCRAFT INC., MATTHEW WOODRUFF, KURT PARKER, EDWARD ELLIS

18  KARKOW, as Personal Representative of the Estate of Jon Karkow (deceased), and DOES 1

19  through 12 (collectively "Defendants"). The Plaintiffs respectfully allege as follows:

20  **SUBJECT MATTER JURISDICTION ALLEGATIONS**

21  **A. Admiralty Jurisdiction**

22  1.      This matter is being brought under the maritime and admiralty jurisdiction of the Court. In

23  particular, Plaintiffs bring this action pursuant to Article III, §2 of the United States Constitution,

24  delegating jurisdiction over admiralty cases to the federal courts, and 28 U.S.C. §1333.

25  2.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal

26

27  Rules of Civil Procedure, 28 U.S.C. §1331 and 28 U.S.C. §1367.

28

3.      Additionally, Plaintiffs bring this action pursuant to 46 U.S.C §1367, Extension of Jurisdiction to Cases of Damage or Injury or Land (also known as the "Admiralty Extension Act"), which provides "[t]he admiralty and maritime jurisdiction of the United States extends to, and includes cases of injury or damage, to person or property, caused by a vessel on navigable waters, even though the injury or damage is done or consummated on land."

4.      The incident from which this complaint arises was put into motion and took effect when, on or about May 8, 2017, a 2016 Icon A5 model seaplane registration number N184BA, serial number 00007 ("the seaplane") being operated by Defendants, and each of them, crashed while utilizing and flying from (over and for the purpose of navigating the navigable waters of) Lake Berryessa, in Napa County, California. Prior to the crash, the pilot was attempting a landing on the waters of Lake Berryessa.

5.      Lake Berryessa is a navigable waterway about 23 miles long and three miles wide. The waters of Lake Berryessa flow directly into the Putah Creek, where the waters flow west through the South Fork Putah Creek, and into the Prospect Slough, past Liberty Island until they merge into the navigable Sacramento River. The Sacramento River ultimately reaches the Sacramento-San Joaquin River Delta, San Francisco Bay, and the Pacific Ocean. Accordingly, Lake Berryesa is a navigable waterway of the United States, capable of sustaining commercial activity, for purposes of admiralty jurisdiction.

6.      On or about May 8, 2017, the seaplane retained a distinct "marine" character with the ability to take-off and land on the water. The flight that ended in the allision was deliberately navigated to Lake Berryessa for the purposes of water navigation, water take-offs and landings, and was navigated at low altitudes over the lake in the several minutes preceding the crash, and ultimately was attempting landing onto the waterway prior to crashing on the shoreline of Lake Berryessa, at a site that was accessible only by vessel. As a result of the allision, the pilot and the

seaplane's only passenger sustained fatal injuries which were bound to occur no matter where the seaplane crashed.

7.     On or about May 8, 2017, decedent Ahmet Cagri Sever, was a passenger on Defendants' seaplane, N184BA, over navigable waters, and was killed when the seaplane crashed.

8.     Ahmet Cagri Sever injuries and death, the seaplane owner's negligence[1], and/or defects in the seaplane occurred on or over navigable waters. The case arises out of a traditional maritime activity because the seaplane N184BA was designed for takeoffs and landings on water, which requires the pilot to navigate using traditional maritime rules of the road and account for hazards unique to marine navigation. General maritime law preempts state substantive law, and must be applied. *See In re Air Disaster Near Honolulu, Hawaii on Feb. 24, 1989*, 792 F. Supp. 1541, 1544 (N.D. Cal. 1990).

9.     Seaplane navigation has consistently been held to constitute a "maritime function." *See eg. Hark v. Antilles Airboats, Inc*., 355 F. Supp. 683 (D. Virgin Islands, 1973). Under the General Maritime Law of the United States, the seaplane N184BA is considered a "vessel" which has been defined to include "every description of watercraft or other artificial contrivance used, or capable of being used, as a means of transportation on water." *Stewart v. Dutra Construction Co*., 543 U.S. 481, 125 S.Ct. 1118 (2005) (citing the Revised Statutes of 1873 at 1 U.S.C. § 3); *see also* U.S. Dept. of Homeland Security, United States Coast Guard Navigational Rules, Rule 3(a) (The word "vessel" includes every description of water craft, including nondisplacement craft and **seaplanes**, used or capable of being used as a means of transportation on water) (emphasis added).

---

[1]  The Defendant-seaplane owner's negligence is succinctly described in the Plaintiff's substantive allegations below.

**B.  Diversity of Citizenship**

10.     In the absence of admiralty jurisdiction, in the alternative, this matter is being brought pursuant to the diversity  jurisdiction of this court, under 28 U.S.C. § 1332.

11.     Plaintiffs Esra Sever, A.S. and B.S. are citizens of Michigan.

12.     Defendant Icon Aircraft, Inc. is a Delaware business entity with its principal place of business in Vacaville, California.

13.     Defendant Matthew Woodruff is an individual and resident of California.

14.     Defendant Kurt Parker is an individual and resident of Lake Oswego, Oregon.

15.     Defendant Edward Ellis Karkow is the personal representative of the Estate of Jon Karkow, deceased (hereinafter "Estate of Jon Karkow"). Defendant Edward Ellis Karkow is a resident of Oakland, California.

16.     The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

**PERSONAL JURISDICTION ALLEGATIONS**

17.     Plaintiff ESRA SEVER, is a resident of Michigan. Plaintiff is the natural mother of her two minor children, Plaintiffs A.S. and B.S. A.S. was born on November 18, 2012. B.S. was born on November 1, 2004.

18.     Plaintiff ESRA SEVER is the widow of Ahmet Cagri Sever and the Personal Representative of the Estate of Ahmet Cagri Sever, deceased. Minors A.S. and B.S. are the natural children of Ahmet Cagri Sever, decedent.

19.     Plaintiff ESRA SEVER was appointed as the Personal Representative of the Estate of Ahmet Cagri Sever, deceased, on June 12, 2016, in the County of Washtenaw, Michigan, File No. 17-584 DE.

20.     Within a reasonable time after filing this Complaint, Plaintiff ESRA SEVER will file applications for appointment as Guardian-ad-Litem of her two minor children, A.S. and B.S., in the Northern District of California.

21.     Defendant Icon Aircraft Inc. and Does 1 through 3 ("Icon") is a Delaware entity with its principal place of business in Vacaville, California.

22.     Defendant Matthew Woodruff and Does 4 through 6 ("Woodruff") is an individual and resident of California.

23.     Defendant Kurt Parker and Does 7 through 9 ("Parker") is an individual and resident of Oregon.

24.     Defendant Edward Ellis Karkow and Does 10 through 12 are the personal representatives of the Estate of Jon Karkow, deceased, probated in the County of Solano, State of California, case number P048398 (hereinafter "Estate of Jon Karkow").

25.     A creditor's claim was timely and properly filed against the Estate of Jon Karkow on November 2, 2017.  The Estate of Jon Karkow rejected the claim on November 8, 2017.

26.     Plaintiffs do not know the true names and capacities of Defendants sued herein as Does 1 through 12, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiffs are informed and believes that each of the Doe Defendants was in some manner legally responsible for the damages alleged below.  Plaintiffs will amend this Complaint to set forth the true names and capacities of these Defendants when ascertained, along with appropriate charging allegations. Where "a plaintiff does not know the identity of a defendant prior to the filing of a complaint, he 'should be given an opportunity through discovery to identify the unknown defendants...'" *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (quoting *Gillespie v. Civiletti*, 629 E.2d 637, 642 (9th Cir. 1980)). If Plaintiffs were able to correct the deficiencies in the pleading to state a cognizable claim against any of the individuals named as Does, they would have been given

opportunity to ascertain their identity via discovery, after which they would be required move to amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. *Merritt v. Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989).

27.    Plaintiffs are informed and believe, and thereupon allege, that each of Defendants designated herein as a Doe is responsible in some actionable manner for the events and happenings referred to herein, and caused injuries to Plaintiffs, as hereinafter alleged, either through said Defendants' conduct, or through the conduct of their agents, servants, employees. The term "Defendant" or "Defendants" as used in this Complaint includes both the named Defendants and Defendants sued under the fictitious names of Does 1 through 12, inclusive.

28.    Plaintiffs are informed and believe, and thereon allege, that at all times relevant to this action, Defendants, and each of them, were the agents, servants, employees, assistants, and consultants of each of their co-Defendants, and were, as such, acting within the course of and scope of the authority of their agency and employment, and that each and every Defendant when acting as a principal, was negligent and careless in the selection and hiring of each and every co-Defendant as an agent, servant, employee, assistant and/or consultant.

29.    Defendants at all times material hereto, personally or through an agent:

Operated, conducted, engaged in or carried on a business venture in this state and/or country or had an office or agency in this state and/or county;

b.   Was engaged in substantial activity within California;

a.   Manufactured products, specifically the A5 model seaplane, in California;

b.   Operated seaplanes on the waters of California;

c.   Purposefully availed itself of the benefits of conducting activities in California by purposefully directing their activities toward the state, thereby obtaining the benefits and protections of the state's laws;

d.   The acts of Defendants set out in this Complaint occurred in whole or in part in California.

30.     The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332.

## GENERAL ALLEGATIONS

31.     The Icon A5 model seaplane, registration number N184BA, serial number 00007 was manufactured in 2016 ("the seaplane"). The seaplane was a two-seat, high-wing, retractable gear, amphibious light sport aircraft powered by a 100-horsepower Rotax 912IS Sport engine;

32.     The Icon A5 model seaplane is manufactured and sold by Defendant Icon. The A5 is advertised as having a "spin and stall resistant" design;

33.     At all times material hereto, Defendant Icon and its agents and/or employees constructed, designed, manufactured, repaired, overhauled, owned, operated, managed, maintained, entrusted and/or controlled the vessel, the seaplane N184BA;

34.     At all times material hereto, Defendant Parker was the owner of the seaplane. Defendant Parker purchased the seaplane from Defendant Icon in 2016;

35.     At all times material hereto, Defendant Woodruff was the "Aviation Safety Manager" of, and was an agent and/or employee of, Icon Aircraft Inc.;

36.     At all times material, Defendant Woodruff, was acting within the scope of his employment and/or agency relationship with Defendants Icon and Parker, the seaplane owner(s) and/or operator(s);

37.     At all times material hereto, Jon Karkow ("Karkow" or "the pilot"), was the seaplane "master" or pilot, with navigational control over the seaplane;

38.     On or about May 8, 2017 Plaintiffs' decedent, Ahmet Cagri Sever ("Plaintiffs' decedent"), was a passenger on the seaplane, N184BA. Plaintiffs' decedent was purely a passenger, with no navigational or operational responsibilities or obligations. Plaintiffs' decedent did not hold a pilot's license;

39.     At all times material, Karkow, the seaplane "master" or pilot, was an employee and/or servant and/or agent and/or apparent agent of Defendants Icon and Parker, the seaplane owner(s) and/or operator(s);

40.     At all times material, Karkow, the seaplane "master" or pilot, was acting within the scope of his employment and/or agency relationship with Defendants Icon and Parker, the seaplane owner(s) and/or operator(s);

41.     On or about May 8, 2017, Karkow was piloting and navigating the seaplane N184BA above Lake Berryessa in Napa County, California. At the time of the incident, Karkow was conducting a "seaplane" familiarization operation with Plaintiffs' decedent as a passenger;

42.     At all times material, Defendants Icon and Parker, their employee and/or servant and/or agent and/or apparent agent, had knowledge of, and pre-approved, the seaplane's familiarization operation on May 8, 2017, including but not limited to: 1) Karokow's piloting and operation of the seaplane, 2) decedent Ahmet Cagri Sever's participation on the flight as a passenger, 3) the seaplane's flight plan and trajectory above Lake Berryessa, 4) the seaplane's capabilities and limitations, and 5) Karkow's flight maneuvers;

43.     At all times material hereto, Defendant Woodruff had had knowledge of, and pre-approved, the seaplane's familiarization operation on May 8, 2017, including but not limited to: 1) Karokow's piloting and operation of the seaplane, 2) decedent Ahmet Cagri Sever's participation on the flight as a passenger, 3)  the seaplane's flight plan and trajectory above Lake Berryessa, 4) the seaplane's capabilities and limitations, and 5) Karkow's flight maneuvers;

44.     As a result of the acts and omissions of Defendant Icon, Defendant Parker, the pilot (sued as the Estate of Jon Karkow), Defendant Woodruff, Does 1-3 and 7-12, and/or their agents, apparent agents, servants, employees, and/or predecessors; Ahmet Cagri Sever was injured about

his body and extremities, suffered physical pain and suffering, mental anguish, resulting in his death;

45.     Additionally, the beneficiaries of the Estate of Ahmet Cagri Sever, deceased, including Esra Sever (decedent's spouse), A.S. (decedent's minor child) and B.S. (decedent's minor child) suffered pecuniary and non-pecuniary damages. The beneficiaries of the Estate of Ahmet Cagri Sever, deceased, suffered, and continue to suffer pecuniary damages in the form of past and future loss of support, past and future loss of services, and funeral expenses in an amount to be determined according to proof at trial. The beneficiaries of the Estate of Ahmet Cagri Sever suffered and continue to suffer non-pecuniary damages including loss of consortium, loss of household services, loss of parental nature, training, education, and guidance and loss of society, in an amount to be determined according to proof at trial.

**COUNT I – NEGLIGENCE AGAINST ICON, PARKER, ESTATE OF JON KARKOW AND DOES 1-3 and 7-12 FOR ACTS AND OMISSIONS OF JON KARKOW**

46.     Plaintiffs re-allege, adopt, and incorporate by reference the allegations in paragraphs one (1) through forty-five (45) as though alleged originally herein;

47.     Under the General Maritime Law of the United States, Defendant Icon, Defendant Parker, and/or Does 1-3 and 7-9, as the seaplane owner(s) and/or operator(s), are jointly and severally liable for the torts of the seaplane "master", or pilot; Karkow;

48.     Under the General Maritime Law of the United States, Defendant Icon, Defendant Parker, and/or Does 1-3 and 7-9, as the seaplane owner(s) and/or operator(s), owed their passengers, including Plaintiffs' decedent, a duty to exercise reasonable care under the circumstances;

49.     On or about May 8, 2017, Defendant Icon, Defendant Parker, Does 1-3 and 7-12, and/or their agents, apparent agents, servants, employees, and/or predecessors, including Karkow, breached their duty to exercise reasonable care under the circumstances, causing the decedent, Ahmet Cagri Sever to sustain fatal injuries, when the seaplane in which he was a passenger

impacted the shore of Lake Berryessa, due to the fault and/or negligence of Defendant Icon, Defendant Parker, Does 1-3 and 7-12, and/or their agents, apparent agents, servants, employees, and/or predecessors, including the seaplane pilot, Jon Karkow, as follows:

a)  Failing to maintain the seaplane in a safe and airworthy condition; and/or

b)  Operating the seaplane in a defective and/or unairworthy condition, exposing its passengers to hazardous conditions; and/or

c)  Operating the seaplane in a manner that exceeded the limitations of the seaplane;

d)  Operating the seaplane in a careless and reckless manner;

e)  Failing to maintain control over the seaplane;

f)  Failing to operate the seaplane in a manner to avoid injury to passengers or bystanders;

g)  Failing to use reasonable care to inspect the seaplane to check for hazardous conditions; and/or

h)  Operating the seaplane with an inadequate or unqualified pilot; and/or

i)  Failing to conduct safety checks prior to takeoff; and/or

j)  Recklessly operating the seaplane while at low altitudes; and/or

k)  Any and all other acts or omissions constituting a breach of Defendant's duty to use reasonable care discovered during litigation.

50.     The subject seaplane crash occurred because of negligence and/or the negligence of Defendant Icon and/or Defendant Parker, and/or Defendant Icon and/or Defendant Parker's agents and/or apparent agents, including Karkow, the seaplane "master" or pilot. At all times material, Defendant Icon and/or Defendant Parker had privity and knowledge of their own negligent conduct and/or the negligent conduct of their agents and/or apparent agents, including Karkow, the seaplane "master" or pilot, which caused or contributed to Ahmet Cagri Sever's fatal injuries and his subsequent death;

11

51.     The subject seaplane crash occurred because of negligence of the vessel's master(s), executive officer(s), superintendent(s), and/or management agent(s). At all times material, the vessel's master(s), executive officer(s), superintendent(s), and/or management agent(s) had privity and knowledge of their negligent conduct and/or negligent condition on the vessel, which caused or contributed to Ahmet Cagri Sever's fatal injuries and his subsequent death. The privity and knowledge of the master(s), executive officer(s), superintendent(s), and/or management agent(s) are imputed to Defendant Icon and/or Defendant Parker.

52.     The subject seaplane allision occurred because the seaplane was not airworthy, not seaworthy, not staunch, not tight, not strong, improperly manned, improperly equipped, improperly supplied, defective and in all respects, unfit for the operational service for which it was engaged. At all times material, Defendant Icon and/or Defendant Parker agents and/or apparent agents, the vessel's master(s), executive officer(s), superintendent(s), and/or management agent(s), including Karkow, the seaplane "master" or pilot; had privity and knowledge of the seaplane unseaworthy conditions and defects. The privity and knowledge of the master(s), executive officer(s), superintendent(s), and/or management agent(s) are imputed to Defendant Icon and/or Defendant Parker.

53.     The negligence of Defendant Icon, Defendant Parker, the pilot (sued as the Estate of Jon Karkow), Does 1-3 and 7-12, and/or their agents, apparent agents, servants, employees, and/or predecessors, including Karkow, was a direct and proximate cause of the crash;

54.     Defendants knew of the foregoing conditions causing the subject crash and did not correct them or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned them and corrected them;

55.     As a result of the acts and omissions of Defendant Icon, Defendant Parker, Jon Karkow (sued as the Estate of Jon Karokow), Does 1-3 and 7-12, and/or their agents, apparent agents,

1   servants, employees, and/or predecessors; Ahmet Cagri Sever was injured about his body and

2   extremities, suffered physical pain and suffering, mental anguish, resulting in his death;

3   56.    The estate of Ahmet Cagri Sever, deceased, incurred funeral expenses. Also, the estate lost

4   the benefit of the net accumulations that Ahmet Cagri Sever would have obtained had he lived to

5   his normal life expectancy;

6

7   57.    Additionally, the beneficiaries of the Estate of Ahmet Cagri Sever, Esra Sever (decedent's

8   spouse), A.S. (decedent's minor child) and B.S. (decedent's minor child) suffered pecuniary and

9   non-pecuniary damages. The beneficiaries of the Estate of Ahmet Cagri Sever suffered, and

10  continue to suffer pecuniary damages in the form of past and future loss of support, past and future

11  loss of services, and funeral expenses in an amount to be determined according to proof at trial.

12  The beneficiaries of the Estate of Ahmet Cagri Sever, deceased, suffered and continue to suffer

13  non-pecuniary damages including loss of consortium, loss of household services, loss of parental

14  nature, training, education, and guidance and loss of society, in an amount to be determined

15  according to proof at trial.

16

17  **COUNT II – NEGLIGENCE AGAINST ICON, PARKER AND DOES 1-3 and 7-9 FOR
    THEIR ACTS AND OMISSIONS AS OWNERS OF THE VESSEL**

18

19  58.    Plaintiffs re-allege, adopt, and incorporate by reference the allegations in paragraphs one

20  (1) through forty-five (45) as though alleged originally herein;

21  59.    At all material times, Defendant Icon, Defendant Parker, Does 1-3 and 7-9, and/or their

22  agents, apparent agents, servants, and/or employees, had exclusive custody and control of the

23  seaplane;

24

25  60.    Under the General Maritime Law of the United States, Defendant Icon, Defendant Parker,

26  and/or Does 1-3 and 7-9 (the "Owner Defendants"), as the seaplane owner(s) and/or operator(s),

27  owed decedent Ahmet Cagri Sever a duty to exercise reasonable care under the circumstances;

28

61.     On or about May 8, 2017, Defendant Icon, Defendant Parker, Does 1-3 and 7-9, and/or their agents, servants and/or employees, as owners and/or operators of the vessel, breached their duty to exercise reasonable care under the circumstances, causing the decedent, Ahmet Cagri Sever to sustain fatal injuries, when the seaplane in which he was a passenger impacted the shore of Lake Berryessa, due to the fault and/or negligence of the Owner Defendants, and/or their agents, servants and/or employees as follows:

a) Failing to maintain the seaplane in a safe and airworthy condition and/or

b) Allowing the seaplane to be operated in a defective and/or unairworthy condition, exposing its passengers to hazardous conditions; and/or

c) Allowing the seaplane to be operated in a manner that exceeded the limitations of the seaplane;

d) Allowing the seaplane to be operated in a careless and reckless manner;

e) Failing to maintain control over the seaplane;

f) Allowing the seaplane to be operated in a manner that failed to avoid injury to passengers or bystanders;

g) Failing to use reasonable care to inspect the seaplane to check for hazardous conditions;

h) Failing to make any reasonable inspection or to test the seaplane and its components to discover defect(s);

i) Allowing the seaplane to be operated with an inadequate or unqualified pilot; and/or

j) Failing to conduct safety checks prior to takeoff; and/or

k) Failing to provide adequate training, instruction, and supervision to its pilots; and/or

l) Allowing the seaplane to be recklessly operated while at low altitudes; and/or

m) Improperly and/or defectively designing the seaplane and its component parts; and/or

n) Improperly and/or defectively manufacturing the seaplane and its component parts; and/or

o) Failing to warn Plaintiffs' decedent of the danger of the defective and/or improper design or manufacture of the seaplane; and/or

p) Failing to inspect, maintain, repair, test, certify, and/or overhaul to seaplane; and/or

q) Failing to have a procedure in place in order to ensure the seaplane was free from any dangerous condition; and/or

r) Failing to use reasonable care to promulgate and/or enforce adequate policies and procedures to ensure that the seaplane was reasonably safe from collisions and crashes; and/or

s) Failing to use reasonable care to promulgate and/or enforce adequate policies and procedures to ensure that the seaplane was operated in a proper and safe manner; and/or

t) Failing to properly and adequately inspect, investigate, screen, select, and retain the services of its contractors, employees, servants, agents and/or representatives, including but not limited to its pilots; and/or

u) Any and all other acts or omissions constituting a breach of Defendants' duty to use reasonable care discovered during litigation

62. The defect(s) in the seaplane existed at the time the seaplane was manufactured;

63. The subject seaplane crash occurred because of negligence and/or the negligence of Defendant Icon and/or Defendant Parker, and/or Defendant Icon and/or Defendant Parker's agents and/or apparent agents, including Jon Karkow, the seaplane "master" or pilot. At all times material, Defendant Icon and/or Defendant Parker had privity and knowledge of their own negligent conduct and/or the negligent conduct of their agents and/or apparent agents, including Jon Karkow, the seaplane "master" or pilot, which caused or contributed to Ahmet Cagri Sever's fatal injuries and his subsequent death;

64.     The subject seaplane crash occurred because of negligence of the vessel's master(s), executive officer(s), superintendent(s), and/or management agent(s). At all times material, the vessel's master(s), executive officer(s), superintendent(s), and/or management agent(s) had privity and knowledge of their negligent conduct and/or negligent condition on the vessel, which caused or contributed to Ahmet Cagri Sever's fatal injuries and his subsequent death. The privity and knowledge of the master(s), executive officer(s), superintendent(s), and/or management agent(s) are imputed to Defendant Icon and/or Defendant Parker;

65.     The subject seaplane crash occurred because the seaplane was not airworthy, not seaworthy, not staunch, not tight, not strong, improperly manned, improperly equipped, improperly supplied, defective and in all respects, unfit for the operational service for which it was engaged. At all times material, Defendant Icon and/or Defendant Parker agents and/or apparent agents, the vessel's master(s), executive officer(s), superintendent(s), and/or management agent(s), including Karkow, the seaplane "master" or pilot, had privity and knowledge of the seaplane unseaworthy conditions and defects. The privity and knowledge of the master(s), executive officer(s), superintendent(s), and/or management agent(s) are imputed to Defendant Icon and/or Defendant Parker;

66.     The Owner Defendants knew of the foregoing conditions that caused the subject crash and did not correct them or the conditions existed for a sufficient length of time so that the Owner Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them;

67.     The unsafe condition of the seaplane and/or the unsafe operation of the seaplane, and/or defects in the design, manufacture and/or warnings of the seaplane proximately caused the crash and the fatal injuries to Plaintiffs' decedent;

16

68.     As a result of the acts and omissions of the Owner Defendants, Ahmet Cagri Sever was injured about his body and extremities, suffered physical pain and suffering, mental anguish, resulting in his death;

69.     The estate of Ahmet Cagri Sever incurred funeral expenses. Also, the estate lost the benefit of the net accumulations that Ahmet Cagri Sever would have obtained had he lived to his normal life expectancy;

70.     Additionally, the beneficiaries of the Estate of Ahmet Cagri Sever, Esra Sever (decedent's spouse), A.S. (decedent's minor child) and B.S. (decedent's minor child) suffered pecuniary and non-pecuniary damages. The beneficiaries of the Estate of Ahmet Cagri Sever suffered, and continue to suffer pecuniary damages in the form of past and future loss of support, past and future loss of services, and funeral expenses in an amount to be determined according to proof at trial. The beneficiaries of the Estate of Ahmet Cagri Sever suffered and continue to suffer non-pecuniary damages including loss of consortium, loss of household services, loss of parental nature, training, education, and guidance and loss of society, in an amount to be determined according to proof at trial.

## COUNT III – NEGLIGENCE AGAINST ICON AND DOES 1-3 FOR ITS ACTS AND OMISSIONS

71.     Plaintiffs re-allege, adopt, and incorporate by reference the allegations in paragraphs one (1) through forty-five (45) as though alleged originally herein;

72.     At all material times, Defendant Icon, Does 1-3, and/or their agents, apparent agents, servants, and/or employees ("Defendant Icon") had exclusive custody and control of the seaplane;

73.     Under the General Maritime Law of the United States, and common law negligence, Defendant Icon owed Plaintiffs' decedent a duty to exercise reasonable care under the circumstances;

74.     On or about May 8, 2017, Defendant Icon breached its duty to exercise reasonable care under the circumstances, and Plaintiffs' decedent sustained fatal injuries when the seaplane in which he was a passenger impacted the shore of Lake Berryessa, due to the fault and/or negligence of Defendant Icon as follows:

a)  Failing to maintain the seaplane in a safe and airworthy condition and/or

b)  Allowing the seaplane to be operated in a defective and/or unairworthy condition, exposing its passengers to hazardous conditions; and/or

c)  Allowing the seaplane to be operated in a manner that exceeded the limitations of the seaplane;

d)  Allowing the seaplane to be operated in a careless and reckless manner;

e)  Failing to maintain control over the seaplane;

f)  Allowing the seaplane to be operated in a manner that failed to avoid injury to passengers or bystanders;

g)  Failing to use reasonable care to inspect the seaplane to check for hazardous conditions; and/or

h)  Allowing the seaplane to be operated with an inadequate or unqualified pilot; and/or

i)  Failing to conduct safety checks prior to takeoff; and/or

j)  Failing to provide adequate training, instruction, and supervision to its pilots; and/or

k)  Allowing the seaplane to be operated while maneuvering at low altitude; and/or

l)  Improperly and/or defectively designing the seaplane and its component parts; and/or

m)  Improperly and/or defectively manufacturing the seaplane and its component parts; and/or

n)  Failing to warn Plaintiffs' decedent of the danger of the defective and/or improper design or manufacture of the seaplane; and/or

o)  Failing to inspect, maintain, repair, test, certify, and/or overhaul to seaplane; and/or

p)  Failing to have a procedure in place in order to ensure the seaplane was free from any dangerous condition; and/or

q)  Failing to use reasonable care to promulgate and/or enforce adequate policies and procedures to ensure that the seaplane was reasonably safe from collisions and crashes; and/or

r)  Failing to use reasonable care to promulgate and/or enforce adequate policies and procedures to ensure that the seaplane was operated in a proper and safe manner; and/or

s)  Failing to properly and adequately inspect, investigate, screen, select, and retain the services of its contractors, employees, servants, agents and/or representatives, including but not limited to its pilots; and/or

t)  Any and all other acts or omissions constituting a breach of Defendants' duty to use reasonable care discovered during litigation

75.     Defendant Icon designed and manufactured the seaplane in a negligent and/or defective manner;

76.     The defect(s) in the seaplane existed at the time the seaplane was manufactured;

77.     The subject seaplane crash occurred because the seaplane was not airworthy, not seaworthy, not staunch, not tight, not strong, improperly manned, improperly equipped, improperly supplied, defective and in all respects, unfit for the operational service for which it was engaged. At all times material, Defendant Icon and/or Defendant Icon's agents and/or apparent agents, the vessel's master(s), executive officer(s), superintendent(s), and/or management agent(s), including Karkow, the seaplane "master" or pilot; had privity and knowledge of the seaplane unseaworthy conditions and defects. The privity and knowledge of the master(s), executive officer(s), superintendent(s), and/or management agent(s) are imputed to Defendant;

78.    At all material times, Defendant Icon failed to make any reasonable inspection or to test the seaplane and its components to discover the defect(s);

79.    At all material times, Defendant Icon negligently failed to warn of the defect(s) in the design and/or construction of the seaplane, even though the existence of such defect(s) was known to Defendant Icon and Defendant Icon, by exercising reasonable diligence, could have made such warnings available to the user;

80.    Defendant Icon knew of the foregoing conditions causing the subject crash and did not correct them or the conditions existed for a sufficient length of time so that Defendant Icon in the exercise of reasonable care under the circumstances should have learned them and corrected them.

81.    The unsafe condition of the seaplane and/or the unsafe operation of the seaplane, and/or defects in the design, manufacture and/or warnings of the seaplane proximately caused the crash and the fatal injuries to Plaintiff's decedent;

82.    As a result of the acts and omissions of the Owner Defendants, Ahmet Cagri Sever was injured about his body and extremities, suffered physical pain and suffering, mental anguish, resulting in his death;

83.    The estate of Ahmet Cagri Sever incurred funeral expenses. Also, the estate lost the benefit of the net accumulations that Ahmet Cagri Sever would have obtained had he lived to his normal life expectancy;

84.    Additionally, the beneficiaries of the Estate of Ahmet Cagri Sever, Esra Sever (decedent's spouse), A.S. (decedent's minor child) and B.S. (decedent's minor child) suffered pecuniary and non-pecuniary damages. The beneficiaries of the Estate of Ahmet Cagri Sever suffered, and continue to suffer pecuniary damages in the form of past and future loss of support, past and future loss of services, and funeral expenses in an amount to be determined according to proof at trial. The beneficiaries of the Estate of Ahmet Cagri Sever suffered and continue to suffer non-

pecuniary damages including loss of consortium, loss of household services, loss of parental nature, training, education, and guidance and loss of society, in an amount to be determined according to proof at trial.

**COUNT IV – NEGLIGENCE AGAINST WOODRUFF AND DOES 4-6 FOR THEIR ACTS AND OMISSIONS**

85.     Plaintiffs re-allege, adopt, and incorporate by reference the allegations in paragraphs one (1) forty-five (45) as though alleged originally herein;

86.     At all material times, Defendant Woodruff, Does 4-6, and/or their agents, apparent agents, servants, and/or employees ("Defendant Woodruff"), had custody and control of the seaplane;

87.     Under the General Maritime Law of the United States, Defendant Woodruff owed Plaintiffs' decedent a duty to exercise reasonable care under the circumstances;

88.     At all material times, Defendant Woodruff, as Aviation Safety Manager of Defendant Icon, owed Plaintiffs' decedent a duty to exercise reasonable care under the circumstances;

89.     On or about May 8, 2017, Defendant Woodruff breached his duty to exercise reasonable care under the circumstances, and Plaintiffs' decedent sustained fatal injuries when the seaplane in which he was a passenger impacted the shore of Lake Berryessa, due to the fault and/or negligence of Defendant Woodruff as follows:

a)  Failing to maintain the seaplane in a safe and airworthy condition and/or

b)  Allowing the seaplane to be operated in a defective and/or unairworthy condition, exposing its passengers to hazardous conditions; and/or

c)  Allowing the seaplane to be operated in a manner that exceeded the limitations of the seaplane;

d)  Allowing the seaplane to be operated in a careless and reckless manner;

e)  Failing to maintain control over the seaplane;

f)  Allowing the seaplane to be operated in a manner that failed to avoid injury to passengers or bystanders;

g)  Failing to use reasonable care to inspect the seaplane to check for hazardous conditions; and/or

h)  Allowing the seaplane to be operated with an inadequate or unqualified pilot; and/or

i)  Failure to conduct safety checks prior to takeoff; and/or

j)  Failure to provide adequate training, instruction, and supervision to its pilots; and/or

k)  Allowing the seaplane to be recklessly operated   while at low altitudes; and/or

l)  Improperly and/or defectively designing the seaplane and its component parts; and/or

m)  Improperly and/or defectively manufacturing the seaplane and its component parts; and/or

n)  Failing to warn Plaintiffs' decedent of the danger of the defective and/or improper design or manufacture of the seaplane; and/or

o)  Failing to inspect, maintain, repair, test, certify, and/or overhaul to seaplane; and/or

p)  Failing to have a procedure in place in order to ensure the seaplane was free from any dangerous condition; and/or

q)  Failure to use reasonable care to promulgate and/or enforce adequate policies and procedures to ensure that the seaplane was reasonably safe from collisions and crashes; and/or

r)  Failure to use reasonable care to promulgate and/or enforce adequate policies and procedures to ensure that the seaplane was operated in a proper and safe manner; and/or

s)  Failure to properly and adequately inspect, investigate, screen, select, and retain the services of its contractors, employees, servants, agents and/or representatives, including but not limited to its pilots; and/or

t)  Any and all other acts or omissions constituting a breach of Defendant's duty to use reasonable care discovered during litigation

90.     Defendant Woodruff designed and manufactured the seaplane in a negligent and/or defective manner;

91.     The defect(s) in the seaplane existed at the time the seaplane was manufactured;

92.     At all material times, Defendant Woodruff failed to make any reasonable inspection or to test the seaplane and its components to discover the defect(s);

93.     At all material times, Defendant Woodruff negligently failed to warn of the defect in the design and/or construction of the seaplane, even though the existence of such defect was known to Defendant and Defendant, by exercising reasonable diligence, could have made such warnings available to the user;

94.     The unsafe condition of the seaplane and/or the unsafe operation of the seaplane, and/or defects in the design, manufacture and/or warnings of the seaplane proximately caused the crash and the fatal injuries to Plaintiffs' decedent;

95.     Defendant Woodruff knew of the foregoing conditions causing the subject crash and did not correct them or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care under the circumstances should have learned them and corrected them;

96.     The subject seaplane crash occurred because of negligence of the vessel's master(s), executive officer(s), superintendent(s), and/or management agent(s). At all times material, the vessel's master(s), executive officer(s), superintendent(s), and/or management agent(s) had privity and knowledge of their negligent conduct and/or negligent condition on the vessel, which caused or contributed to Ahmet Cagri Sever's fatal injuries and his subsequent death;

97.     As a result of the acts and omissions of Defendant Woodruff, Ahmet Cagri Sever was injured about his body and extremities, suffered physical pain and suffering, mental anguish, resulting in his death;

98.     The estate of Ahmet Capgri Sever incurred funeral expenses. Also, the estate lost the benefit of the net accumulations that Ahmet Cagri Sever would have obtained had he lived to his normal life expectancy;

99.     Additionally, the beneficiaries of the Estate of Ahmet Cagri Sever, Esra Sever (decedent's spouse), A.S. (decedent's minor child) and B.S. (decedent's minor child) suffered pecuniary and non-pecuniary damages. The beneficiaries of the Estate of Ahmet Cagri Sever suffered, and continue to suffer pecuniary damages in the form of past and future loss of support, past and future loss of services, and funeral expenses in an amount to be determined according to proof at trial. The beneficiaries of the Estate of Ahmet Cagri Sever suffered and continue to suffer non-pecuniary damages including loss of consortium, loss of household services, loss of parental nature, training, education, and guidance and loss of society, in an amount to be determined according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment against Defendants as follows:

1.     For General and special damages according to proof;

2.     For damages under *Moragne v. States Marine Lines, Inc.* 398 US 375 (1970):

   i.     Ahmet Cagri Severwas injured about his body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom and resulting death;

   ii.   The estate of Ahmet Cagri Sever incurred funeral expenses. Also, the estate lost the benefit of the net accumulations that Ahmet Cagri Sever would have obtained had he lived to his normal life expectancy;

   iii.  The beneficiaries of the estate suffered loss of financial support, loss of

24

monetary value of services around the home, funeral expenses, lost past and future wages, decedent's companionship, parental nature, training, education, guidance and protection, loss of society and all other damages as allowable by law.  The beneficiaries of the estate of Ahmet Cagri Sever, deceased, are Esra Sever (decedent's spouse), A.S. (decedent's minor child) and B.S. (decedent's minor child).

3.      For Economic damages;

4.      For prejudgment interest as allowed by law;

5.      For costs of suit incurred herein; and

6.      For such other and further relief as the Court may deem proper.


Date: January 26, 2018                    DANKO MEREDITH APC
                                          NELSON & FRAENKEL, LLP



                                          s/
                                     By _Carlos F. Llinás Negret_
                                          Stuart R. Fraenkel
                                          Carlos F. Llinás Negret
                                          Nicole C. Andersen
                                          *Attorneys for Plaintiff SEVER*


### JURY TRIAL DEMAND/REQUEST

Plaintiffs hereby request and demand a trial by jury on all claims so triable.


Date: January 26, 2018                    DANKO MEREDITH APC
                                          NELSON & FRAENKEL, LLP
                                          s/
                                     By _Carlos F. Llinás Negret_
                                          Stuart R. Fraenkel
                                          Carlos F. Llinás Negret
                                          Nicole C. Andersen
                                          *Attorneys for Plaintiff SEVER*