1    Michael S. Danko (State Bar No. 111359)
     mdanko@dankolaw.com
2    Claire Y. Choo (State Bar No. 252723)
3    cchoo@dankolaw.com                        REDACTED VERSION
     **DANKO MEREDITH, APC**
4    333 Twin Dolphin Drive, Suite 145
     Redwood Shores, CA 94065
5    Tel: 650-453-3600
6    Fax: 650-394-8672

7    Stuart R. Fraenkel (State Bar No. 173991)
     stuart@nflawfirm.com
8    Carlos F. Llinás Negret (State Bar No. 284746)
     cllinas@nflawfirm.com
9    Nicole C. Andersen (State Bar No. 281218)
10   nandersen@nflawfirm.com
     **NELSON & FRAENKEL LLP**
11   601 So. Figueroa Street, Suite 2050
     Los Angeles, CA 90017
12   Tel.: 213-622-6469
     Fax: 213-622-6019
13

14   *Attorneys for Plaintiffs*
                    **UNITED STATES DISTRICT COURT**
15                **NORTHERN DISTRICT OF CALIFORNIA**
                          **OAKLAND DIVISION**
16

17   ESRA SEVER, individually, and as parent and      CASE NO.: 4:18-cv-00584-HSG
     natural guardian of her minor children, A.S. and
18   B.S.; ESRA SEVER, Successor-in-Interest to,      **PLAINTIFFS' NOTICE OF UNOPPOSED**
     and Personal Representative of the Estate of      **MOTION AND MOTION FOR**
19   Ahmet Cagri Sever, deceased; A.S., a minor,       **APPROVAL OF THE COMPROMISE OF**
     individually and as Successor-in-Interest to the  **THE ACTION ON BEHALF OF THE**
20   Estate of Ahmet Cagri Sever, deceased, by her     **TWO MINOR PLAINTIFFS;**
     Guardian ad Litem Esra Sever; and B.S, a          **MEMORANDUM OF POINTS AND**
21   minor, individually and as Successor-in-Interest  **AUTHORITIES IN SUPPORT THEREOF**
     to the Estate of Ahmet Cagri Sever, deceased,
22   by her Guardian ad Litem, Esra Sever.             **DECLARATIONS OF STUART R.**
                                                       **FRAENKEL AND ESRA SEVER FILED**
23                                                     **CONCURRENTLY**
                    Plaintiffs,
24        vs.                                          Date:    April 11, 2019
                                                       Time:    2:00 p.m.
25   ICON AIRCRAFT, INC., et al.,                      Place:   Hon. Haywood S. Gilliam, Jr.
26                                                              Courtroom 2 – 4th Floor
                    Defendants.                                 1301 Clay Street, Oakland, CA 94612
27

28

     ───────────────────────────────────────────────────
     Plaintiffs' Unopposed Notice of Motion and Motion for Approval of Minors' Compromise
     Case No.: 4:18-cv-00584-HSG

1 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2         **PLEASE TAKE NOTICE THAT**, on April 11, 2019, at 2:00 p.m. in Courtroom 2 of the

3 U.S. District Court located at 1301 Clay Street, Oakland, CA 94612, before the Honorable

4 Haywood S. Gilliam, Jr., Plaintiffs A.S. and B.S., both minors, by and through their natural

5 mother and guardian ad litem and Plaintiff, Esra Sever, hereby move this Court for an order

6 granting their motion for approval of the compromise of all of the claims of A.S. and B.S. asserted

7 against the Defendants.[1]

8         This motion is made upon this notice of motion and motion, the accompanying

9 memorandum of points and authorities, the Declaration of Esra Sever and the Declaration of Stuart

10 R. Fraenkel and upon all of the files and pleadings in this matter and on such other evidence and

11 submissions and oral argument as the Court may permit.

12         This motion is based on the fact that this lawsuit has been resolved in its entirety.  Pursuant

13 to California Probate Code section 3600, et seq. and the California Rules of Court Rules 7.900 et

14 seq., the resolution of the claims of a minor are subject to Court approval.  As set forth in the

15 Declaration of Stuart R. Fraenkel and the Declaration of Esra Sever, A.S. is ████ old and B.S. is

16 ██████ old.  A.S. was born ████████████ and B.S. was born ██████████████.

17         In accordance with Orders of this Court, dated August 15, 2018, their mother Esra Sever

18 was appointed their guardian ad litem for purposes of this litigation.  Ms. Sever has approved the

19 terms of the settlement and the proposed annuities to be funded by the settlement for her children.

20 Plaintiffs seek an order depositing the settlement funds into two separate structure settlement

21 annuities to provide future periodic payments to commence on each child's eighteenth (18th)

22 birthday and to continue ████████████████.

23         Plaintiffs set forth in this motion information consistent with the information required by

24 the California Probate Code and California Rules of Court.  Further, since the terms of the

25 settlement are confidential, and because this motion addresses private information regarding the

---

26 [1] Plaintiffs are filing concurrently an administrative request for an earlier hearing date in order that
27 the matter may be heard and considered prior to the deadline for the deposit of the funds into the
proposed structure settlement annuity.

28

Plaintiffs' Notice of Motion and Motion for Approval of Minors' Compromise
Case No.: 4:18-cv-00584-HSG

1    minor plaintiffs, Plaintiffs are filing concurrently herewith an administrative motion to seal this

2    motion, and the accompanying memorandum and declarations of Esra Sever and Stuart R.

3    Fraenkel.

4         Further, since Plaintiffs reside in New York, Plaintiffs respectfully request that the Court

5    consider this motion without the need for a hearing or, in the alternative, if a hearing is required

6    that Plaintiffs not be required to be present at the hearing and be permitted to participate

7    telephonically should the Court have any inquiries of Mrs. Sever or the minor plaintiffs.

8         It should further be noted that this motion is unopposed by Defendants.

9    Dated: January 9, 2019                 Respectfully submitted,

10                                    DANKO MEREDITH, APC
                                    NELSON & FRAENKEL LLP

11

12                                   By____/s/ Nicole Andersen_____

13                                      Stuart R. Fraenkel
                                     Carlos F. Llinás Negret

14                                      Nicole C. Andersen
                                     *Attorneys for Plaintiffs*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs' Notice of Motion and Motion for Approval of Minors' Compromise
Case No.: 4:18-cv-00584-HSG

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Esra Sever, the duly appointed guardian ad litem and natural mother of plaintiffs A.S. and B.S., minors, respectfully submits this memorandum of points and authorities in support of her motion for approval of the compromise of the disputed claim of the minor plaintiffs.

**I.   Introduction and Overview and Summary of The Lawsuit and Settlement.**

Federal courts generally require that claims by minors and incompetents be settled in accordance with applicable state law. California law requires court approval of the fairness and terms of the settlement. *Robidoux v. Rosengren* 638 F.3d 1177, 1182 (9th Cir. 2011).  California Code of Civil Procedure section 372 states that a minor who is a party to an action shall appear in each case by his or her guardian or *guardian ad litem* appointed by the court.  Cal. Code Civ. Proc., § 372(a).  The guardian or appointed guardian ad litem has the power, subject to court approval to compromise the minor's claim.  *Id.*

The court, in determining the best interest of the minor, considers whether the settlement amount is fair and reasonable.  *See generally*, Weil & Brown et al., Cal. Prac. Guide: Civ. Pro. Before Trial (TRG), Ch. 12 Part II.)

This wrongful death lawsuit was brought by the wife and minor children of Ahmet "Cagri" Sever who was killed in the crash of a seaplane at Lake Berryessa.  At the time of the accident, Mr. Sever was employed by Defendant ICON Aircraft Inc. ("ICON"), the manufacturer of the aircraft.  Further, Mr. Sever was a passenger and the aircraft was being piloted by another employee of ICON who also died in the crash.  No other individuals were involved in the accident.

Plaintiffs, who are the wife of Cagri Sever and his two children A.S. and B.S., filed this lawsuit seeking wrongful death damages under this Court's admiralty jurisdiction.  The claims stated in the Complaint were solely for negligence against the Defendants.[2]  Defendants refuted any liability under a negligence theory in admiralty and maintained that Plaintiffs' sole right to

---

[2] Plaintiffs sued ICON along with the estate of the pilot and two other individuals involved in the design and/or manufacture of the aircraft.  By Stipulation and Order, dated June 6, 2018, the estate and two individual defendants were dismissed without prejudice and accordingly Plaintiffs proceeded solely against ICON.  *See* Dkt. No. 25.

Plaintiffs' Notice of Motion and Motion for Approval of Minors' Compromise
Case No.: 4:18-cv-00584-HSG

recovery was under ICON's workers compensation insurance.  At the time of the settlement, there

was a motion pending to dismiss for lack of jurisdiction which motion had been fully briefed

following both merits and expert discovery regarding the issues raised in the motion.  In the

motion, ICON argued that Plaintiffs' claims were not cognizable in admiralty because Lake

Berryessa was not a navigable waterway and that the events that led to the crash were not a

traditional maritime activity.  In addition, ICON argued that, even assuming that Plaintiffs' claims

fell within admiralty jurisdiction, Plaintiffs only right to recovery was through workers

compensation.  If the motion were granted as to any of the three grounds, Plaintiffs would have

been precluded from obtaining any recovery from ICON, other than that which has been provided

by ICON's workers compensation insurance carrier.[3]

This settlement was achieved after extensive negotiations and consideration by all parties

of the issues raised by the motion to dismiss.  The total settlement is ██████████which resolves

all claims of Mrs. Sever and A.S. and B.S.  After payment of attorneys' fees and costs, Mrs. Sever

requests that the Court approve the allocation of ████████████████████████████ for

a total allocation to the minor plaintiffs of ████████.  The funds will be placed into structured

settlement annuities ██████████████████████████████████████████

████████████.[4]  As a result of the settlement, all claims against ICON will be dismissed with

prejudice and ICON and its officers, directors, employees and agents will receive a full and final

release and discharge of all claims and demands by all Plaintiffs including the minor plaintiffs.

Mrs. Sever, the legal and natural guardian of A.S. and B.S., along with her attorneys, have

made a careful and diligent inquiry and investigation to ascertain the facts relating to the accident,

the responsibility therefore, and the nature and seriousness of the damages suffered by the

---

[3] To date, Plaintiffs have received the following workers compensation benefits: ████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████.

[4] The difference in the total payout to the two minor plaintiffs is based on their age when the
settlement funds will be deposited into the annuities.  Since A.S. is younger than B.S., ultimately
the funds will be invested a longer period of time and thus result in a large pay out in the end.

Plaintiffs' Notice of Motion and Motion for Approval of Minors' Compromise
Case No.: 4:18-cv-00584-HSG

Plaintiffs.  At the time of the accident, Mrs. Sever was not employed outside of the home.   Mr. Sever was the sole source of income for the family.  After his death, Mrs. Sever became solely responsible for the care, support and education of her two children and has and will continue to provide for them until they reach the age of majority and possibly thereafter[5].  A.S. and B.S. are also recipients of ███████████ in workers compensation benefits along with social security benefits which will assist in providing for their care until they reach the age of eighteen.  Mrs. Sever fully understands that if the compromise herein proposed is approved by the Court and is consummated, A.S. and B.S. will be barred and prevented from seeking any further recovery or compensation ICON.  Plaintiffs' counsel, who are well-experienced in the area of wrongful death claims, believe that the settlement is fair, reasonable and just given all of the circumstances.

**II. Factors to be Considered in Approving A Minor's Compromise**

    **A. The Facts Relevant to the Minor Plaintiffs**

    A.S. was born on █████████████████████.  B.S. was born ████████████████████.  At the time of the death of their father, on May 8, 2017, they were ████████ respectively.  A.S. and B.S. reside with their mother, plaintiff Esra Sever who is their natural guardian and was appointed their guardian ad litem by this Court on August 15, 2018 for the purpose of prosecuting these claims.  *See* Dkt. Nos. 37 and 38.

    **B. The Underlying Facts and Defendant's Challenges To Plaintiffs' Complaint**

    A.S. and B.S., along with their mother Esra Sever, pursued wrongful death claims under this Court's admiralty jurisdiction for the death of their father who was 41 years of age at the time of his death.  Mr. Sever and Esra had been married 14 years at the time of his death.  In their complaint, Plaintiffs sought recovery for financial support, loss of monetary value of services, funeral expenses, lost past and future wages, companionship, parental nature, training, education, guidance and protection, loss of society and all other damages as allowable by law.  Complaint, pp. 24-25.

---

1. [5] ████████████████████████████████████████████
████████.

Plaintiffs' Notice of Motion and Motion for Approval of Minors' Compromise
Case No.: 4:18-cv-00584-HSG

1       As noted above, on May 8, 2017, Mr. Sever was taken on a familiarization flight to Lake

2   Berryessa in an Icon A5 Seaplane, piloted by Jon Karkow, who was then ICON's Engineering

3   Fellow and Chief Test Pilot. Mr. Sever had been employed by ICON for less than a month prior to

4   the flight.

5       The flight took off from Nut Tree Airport in Vacaville at approximately 8:52 a.m. and

6   headed north reaching an altitude of about 3700 feet at about 9:00 a.m.  The aircraft then began to

7   descend as it crossed over Lake Berryessa near Monticello Dam continuing its descent and

8   reducing its speed as it flew directly over the lake at a very low altitude until the seaplane flew

9   into a cove in a box canyon and crashed half in the water and half on the beach, killing Mr. Sever

10  and Mr. Karkow.

11      There is no dispute that at the time of the crash, Mr. Sever was employed by ICON and

12  accordingly workers compensation provided benefits for his family.  However, Plaintiffs pursued

13  claims under this Court's admiralty jurisdiction and argued that a state workers' compensation

14  scheme will not bar a general maritime or other maritime claim.  *See*, e.g., *Chan v. Society*

15  *Expeditions, Inc.*, 39 F.3d 1398, 1403 (9th Cir. 1994); *Alaska Industrial Board v. Alaska Packers*

16  *Ass'n.*, 186 F.2d 1015, 1016 (9th Cir. 1951); *In re HOLOHOLO Litig.*, 557 F.Supp. 1024, 1027-29

17  (D. Hawaii 1983).  To succeed, Plaintiffs were required to prove that Lake Berryessa is still

18  capable of maritime commerce and is a navigable waterway for purposes of admiralty jurisdiction;

19  and that Mr. Sever's death while on a flight intended to demonstrate water maneuvers of the

20  aircraft bears a significant relationship to traditional maritime activity to warrant the application of

21  maritime law.

22      At the time that the settlement was reached, ICON's motion to dismiss, which was a

23  "speaking" motion under Fed. R. Civ. P. 12(b)(1) and 12(h)(3) and which challenged Plaintiffs'

24  factual allegations that Lake Berryessa is a navigable waterway, was fully briefed and scheduled

25  for hearing.  In its motion, ICON also challenged Plaintiffs' claim that workers compensation was

26  not a bar to a claim under admiralty.  If ICON's motion were granted, Plaintiffs' claims would

27  have been completely dismissed.

28

Plaintiffs' Notice of Motion and Motion for Approval of Minors' Compromise
Case No.: 4:18-cv-00584-HSG

### C.  Wrongful Death Damages

Plaintiffs sought wrongful death and survival damages for the loss of care, comfort and society as well as the loss of financial support and funeral expenses.  The tragic loss of a young husband and father is significant and certainly one that would justify a range of recovery.  The financial loss associated with the loss of the primary income earner is also significant.  These damages however must be assessed against the liability issues in the case, which were also significant.

### D.  Settlement Amount

The total settlement achieved in the case for the claims of all Plaintiffs is ███████.  The contingent attorneys' fees were 33.1/3% or ███████ and costs of litigation were ███████. After reduction for attorneys' fees and costs, the net settlement payable to the Plaintiffs is ███████  And, 25% of the net settlement proceeds or ███████ have been allocated to A.S. and B.S.  That amount is to be divided equally between the two minor Plaintiffs and the funds will be deposited into separate structured settlement annuities to provide future periodic payments for each of the children.  Ultimately B.S., who is older than A.S., will receive a smaller payout from the annuity than A.S. since the funds held for B.S. will have less time to accrue interest before he is entitled to receive the first of the four annual structured payments when he reaches the age of eighteen.

There are no liens asserted in this matter.  And, no notice of this action has been made under California Welfare & Institutions Code section 14124.73 because no Medicare or Medicaid payments were made.

### E.  Attorneys' Fees and Costs Sought by Plaintiffs' Counsel

Pursuant to an agreement entered into between Esra Sever and Plaintiffs' counsel, counsel are entitled to 33.1/3 of the settlement after reduction of costs.  A copy of the retainer agreement is attached to the Declaration of Stuart R. Fraenkel.  To date, costs incurred in the action have been ███████  The total amount payable in fees is ███████

Plaintiffs lawyers made extraordinary efforts to analyze, investigate and prosecute this case. Two law firms devoted six lawyers and their staff to the prosecution of this case.  Each of

7

them spent substantial time and effort to investigate and research the liability issues surrounding the crash, including the applicability of maritime law, and the damages to the clients.  The law firms had to engage in a comprehensive study of the design of the aircraft, crash history, performance characteristics of the aircraft (including, but not limited to stall characteristics and other aerodynamic issues), and a reconstruction of the crash was undertaken.  The maritime component also required detailed legal and historical research and analysis, requiring retention of an expert with whom Plaintiffs' counsel spent considerable time.  Counsel prepared a detailed complaint, engaged in protracted meet and confer sessions with the defense relating to procedural issues, analyzed the motions filed, entered into stipulations to dismiss certain defendants, prepared motions relating to timing of the motion practice, engaged in a court meet and confer conference, attended depositions in New York and California in furtherance of the motion practice regarding jurisdictional issues, *inter alia*.

Plaintiffs' counsel also thoroughly explored damages in discussions with Mrs. Sever and prepared a comprehensive settlement brochure outlining their losses, including the lost prospective earnings calculations for Mr. Sever.  Due to the complexities of the legal issues and the fact that some of the issues were a case of first impression, the preparation of the opposition papers required a thorough review and analysis of maritime law from across the country, including an in-depth analysis of numerous maritime secondary sources, and extensive work with the navigability and aviation reconstruction experts.

The settlement negotiations were likewise substantial, involving months of negotiations and meetings with defense counsel, Mrs. Sever and co-counsel. The negotiations also involved counsel in the U.S. and in London, with multiple adjusters in the U.S. and abroad, as well as the Board of Directors of ICON. The settlement was reached on the eve of the hearing on ICON's heavily contested jurisdictional motion, for which counsel had spent months in preparation.

**F.  The Manner in Which the Settlement Proceeds will be Distributed.**

Plaintiffs seek an order providing that the net recovery to A.S. and B.S. be used to purchase separate structured settlement annuities contracts to provide future periodic payments for

each of these children in accordance with a Qualified Assignment Agreement (pursuant to Internal Revenue Code Section 130.)

Upon the funding of the settlement and execution of the Qualified Assignment Agreement, the assignee, MetLife, will accept and assume, all the Defendant's liability to make the periodic payments.

Although the settlement amount is nearly identical for each child; ███████████████ ████████████████ The actual payout to each of the children will differ since B.S. is nearly 7 years older than A.S. and the annuity will have less time to accrue interest at the scheduled payment dates.  As proposed the payment scheduled for A.S. will be as follows:

████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████

The total payout to A.S. will be ████████████

The payment schedule for B.S. will be as follows:

███████████████████████████████
███████████████████████████████
███████████████████████████████
███████████████████████████████

The total payment to B.S. will be ████████████

The periodic payments will be funded by the purchase of a qualified funding asset as defined in Section 130(c) of the Internal Revenue Code of 1986, as amended in the form of an annuity contract issued by Metropolitan Tower Life Insurance Company ("MetLife") and providing payments corresponding to the payment schedule set forth above.  Ultimately the payments made to A.S. and B.S. will constitute payment of damages on account of injuries sustained arising from an occurrence within the meaning of Section 104(a)(2) of the Internal Revenue Code.

Plaintiffs' Notice of Motion and Motion for Approval of Minors' Compromise
Case No.: 4:18-cv-00584-HSG

1    The annuities will be provided by MetLife, which is rated A+ by A.M. Best Company.

2    Please see Exhibits 2 and 3 to the Fraenkel Declaration, which are true and correct copies of the

3    individual designed structured settlements for A.S. and B.S., respectively.

4    **G.  Other Settlements**

5    The settlement of the claims of A.S. and B.S. are part of a global settlement of all claims of

6    all Plaintiffs including the minor Plaintiffs' mother Esra Sever.  Mrs. Sever will receive

7    ███████████.  Mrs. Sever is not a claimant against her children's recovery.  She maintained a

8    separate claim for the loss of her husband.  Further both A.S. and B.S. live with Mrs. Sever and

9    she is responsible for their care for some years into the future.

10   **III. CONCLUSION**

11   For the reasons stated herein, Plaintiffs respectfully request that the Court approve the

12   distribution of the proceeds of settlement as set forth herein, and the payment of attorneys' fees

13   and costs.

14   Dated:  January 9, 2019                                Respectfully submitted,

15                                                          DANKO MEREDITH, APC
                                                            NELSON & FRAENKEL LLP
16

17                                                          By____/s/ Nicole Andersen_____
18                                                              Stuart R. Fraenkel
                                                                Carlos F. Llinás Negret
19                                                              Nicole C. Andersen
                                                            *Attorneys for Plaintiffs*
20

21

22

23

24

25

26

27

28

Plaintiffs' Notice of Motion and Motion for Approval of Minors' Compromise
Case No.: 4:18-cv-00584-HSG

### DECLARATION OF STUART R. FRAENKEL

I, Stuart R. Fraenkel, do hereby declare as follows:

1.      I am an attorney licensed to practice before all of the courts of the State of California and this United States District Court.  Through my firm, Nelson & Fraenkel LLP, I am one of the attorneys for the Plaintiffs in this litigation.  I have personal knowledge of the facts set forth herein and if called upon to testify I could and would do so competently.

2.      This declaration is submitted in support of the motion to approve the compromise of this lawsuit on behalf of the minor plaintiffs, A.S. and B.S.

3.      This settlement was only achieved after lengthy arms-length negotiations between me and my co-counsel Michael Danko, on behalf of the Plaintiffs, and counsel for the defendants.

4.      The terms of the settlement are set forth in a detailed settlement agreement. Pursuant to the settlement, the Defendant is to pay a total of ███████ in settlement of all claims of all Plaintiffs including minors, A.S. and B.S.  It is proposed that A.S. and B.S. be allocated a total of 25% of the net settlement, after reduction for attorneys' fees and costs.  Further of that amount, the minor plaintiffs split the allocation equally so that ████████████ ███████████████████████████.  However, the funds will be used to purchase a qualified structured settlement annuity contract that will ultimately pay out a total of ████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████

5.      There can be no dispute that the negotiation of these settlements was not collusive. The settlement was achieved on the eve of the hearing on a heavily contested motion to dismiss filed by the Defendant that sought to eliminate all of Plaintiffs' claims.  The motion to dismiss was a fact-based motion that contested this Court's jurisdiction under admiralty.  The parties had taken depositions and experts had been retained and provided testimony by declaration and deposition on the issues raised by the motion.  I spent many hours in conversation with Mrs. Sever and my co-counsel and with Defendant's counsel discussing the issues prior to reaching the settlement. Defense counsel and the defendant fought vigorously and were firmly committed to their position

Plaintiffs' Notice of Motion and Motion for Approval of Minors' Compromise:
Declaration of Stuart R. Fraenkel
Case No.: 4:18-cv-00584-HSG

1    that there were strong grounds for the granting of the motion.  The settlement negotiations were

2    complex, involving U.S. counsel, London counsel and multiple adjusters, and the Board of

3    Directors of ICON; and is the reason that the parties asked for a continuance of the hearing date.

4    If the motion were granted, Plaintiffs would have received nothing.

5          6.       Co-counsel and I made extraordinary efforts to analyze, investigate and prosecute

6    this case, engaging six lawyers and our staff in the process.  Each of us spent substantial time and

7    effort to investigate and research the liability issues surrounding the crash, including the

8    applicability of maritime law, and the damages to the clients.  Our firms had to engage in a

9    comprehensive study of the design of the aircraft, crash history, performance characteristics of the

10    aircraft (including, but not limited to stall characteristics and other aerodynamic issues), and we

11    undertook a reconstruction of the crash.  The maritime component also required detailed legal and

12    historical research and analysis, for which we retained and engaged an expert with whom we spent

13    considerable time.  We prepared a detailed complaint, engaged in protracted meet and confer

14    sessions with the defense relating to procedural issues, analyzed the motions filed, entered into

15    stipulations to dismiss certain defendants, prepared motions relating to timing of the motion

16    practice, engaged in a court meet and confer conference, attended depositions in New York and

17    California in furtherance of the motion practice regarding jurisdictional issues, *inter alia*. We also

18    thoroughly explored damages in discussions with Mrs. Sever and prepared a comprehensive

19    settlement brochure outlining the plaintiffs' losses, including the lost prospective earnings

20    calculations for Mr. Sever.  Due to the complexities of the legal issues and the fact that some of

21    the issues were a case of first impression, the preparation of the opposition papers required a

22    thorough review and analysis of maritime law from across the country, including an in-depth

23    analysis of numerous maritime secondary sources, and extensive work with the navigability and

24    aviation reconstruction experts. The settlement negotiations involved months of negotiations and

25    meetings with defense counsel, Mrs. Sever and co-counsel.

26          7.       The foregoing confirms that we made a careful and diligent inquiry and

27    investigation to ascertain the facts relating to the accident, the potential liability of the Defendant

28    and the nature of the damages suffered by the Plaintiffs.  I and the lawyers in my firm are well-

Plaintiffs' Notice of Motion and Motion for Approval of Minors' Compromise:
Declaration of Stuart R. Fraenkel
Case No.: 4:18-cv-00584-HSG

1  experienced in the area of aviation and maritime accidents and we firmly believe that the

2  settlement is reasonable, fair and just given all the circumstances regarding these claims and the

3  issues raised by the complaint.

4        8.      The proposed settlements for A.S. and B.S. take into account that their mother Esra

5  Sever has and will continue to take care of them until they reach the age of majority and likely

6  beyond that particularly for ██████████████████████. The proposed allocation

7  which will fund a structured settlement that will make four annual payments to each of the minor

8  plaintiffs starting at the age of eighteen and will be available to fund their college educations or

9  such other requirements as they may have at that time.  Further, A.S. and B.S. are also receiving

10  workers compensation benefits and will continue to receive those benefits at least until they are

11  each eighteen.

12        9.      We have explained to Mrs. Sever and she fully understands that if the settlement is

13  approved by the Court, A.S. and B.S. will be forever barred and prevented from seeking any

14  further recovery of compensation in the future.

15        10.     A.S. was born on ██████████████████████.  B.S. was

16  born on ██████████████████████.  Neither of the minor plaintiffs was

17  physically injured but suffered the loss of the care, comfort and society of their father.

18        11.     Pursuant to an agreement entered into between Plaintiffs' counsel and Mrs. Sever

19  on behalf of herself and A.S. and B.S., we are entitled as counsel to an award of 33.1/3% of the net

20  recovery after reduction of the settlement for costs and expenses.  A true and correct copy of the

21  retainer agreement is attached hereto as Exhibit 1.  The fees and costs will be deducted from the

22  total settlement and after such deduction, A.S. and B.S. will together receive 25% of the net

23  settlement proceeds which will be divided between them so that ██████████████████

24  ██████████████████.

25        12.     As discussed above, it is proposed that the net recovery be put into a structured

26  settlement annuity whereby each of the minor plaintiffs will receive future periodic payments

27  through a Qualified Assignment Agreement, the terms of which are set forth in the attached

28  documents as Exhibits 2 and 3.

3

Plaintiffs' Notice of Motion and Motion for Approval of Minors' Compromise:
Declaration of Stuart R. Fraenkel
Case No.: 4:18-cv-00584-HSG

13.     There are no liens asserted by any entity or provider in this matter, including Medicare or Medicaid, and accordingly no notice of this action has been made under California Welfare and Institutions Code Section 14124.73.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 9th day of January, 2019 at Los Angeles, California.

_____
Stuart R. Fraenkel

Plaintiffs' Notice of Motion and Motion for Approval of Minors' Compromise:
Declaration of Stuart R. Fraenkel
Case No.: 4:18-cv-00584-HSG

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

Plaintiffs' Notice of Motion and Motion for Approval of Minors' Compromise:
Declaration of Stuart R. Fraenkel
Case No.: 4:18-cv-00584-HSG

## CLIENT AUTHORIZATION AND RETAINER AGREEMENT

IT IS HEREBY AGREED by and between the undersigned and the attorneys, DANKO MEREDITH, 333 Twin Dolphin Drive, Suite 145, Redwood Shores, California 94065, that said attorneys are retained to represent the undersigned in prosecuting claims for damages arising out of an accident or event which occurred on or about _____ 5/8/17 _____ and further:

That attorneys shall advance all costs incurred in the investigation and prosecution of said claim; that from any settlement or judgment an amount equal to said costs advanced shall first be deducted and paid to attorneys before any fee is computed. Said costs and expenses include, but are not limited to, filing fees, investigation expenses, transcript fees and charges, expert and lay witness charges and fees, document copy charges and costs, travel expenses (including costs of commercial or private air travel, car rental, lodging, food, auto mileage at 55 cents per mile), postage, computerized research and telephone charges. Said costs and expenses shall not include the medical bills, income losses or other accident-related expenses of the client. In the event that there is no money recovered on said claim, said costs and expenses shall not be reimbursed by the undersigned and shall be the sole and exclusive responsibility of said attorneys.

That unless otherwise compelled by law, attorneys' fees shall be twenty - five percent (25%) of the net sum recovered prior to filing of the Complaint, thirty-three and one-third percent (33-1/3%) of the net sum recovered after the filing of the complaint, and forty percent (40%) of the net sum recovered after the case is first set for trial, designated for arbitration (binding or non-binding judicial arbitration), or set for mediation. Set for mediation means that a mediator has been selected by the parties and a mediation date set. This fee has been negotiated between the client and attorney and is not set by law.

That in the event settlement is achieved by means of a combination of an initial lump sum payment and future installment payments (such as an annuity or structured settlement or other form of deferred compensation), the aforesaid attorneys' fees as to present and future payments shall be paid to the attorneys at the time of settlement from the initial lump sum payment and shall be computed upon the entire settlement amount including the present cash value of said future installment payments.

In the event of a partial settlement, attorneys shall have the option to retain not more than twenty-five percent (25%) of the settlement, before calculation of fees, as a reserve for trial costs. Said sum shall be held in trust for plaintiff(s) and any excess of said trust shall be returned to plaintiff(s) after adjustment for attorneys' fees at the final settlement or resolution of the case.

That in cases involving minor and/or incompetent claimants, sums recovered for said claimants and the distribution of said sums may be subject to court review and approval.

That said attorneys are given a lien on any money recovered to assure payment of their fees and costs and expenses.

That in the event there is no money recovered on said claim said attorneys shall receive nothing for their services and shall not be reimbursed by the undersigned for any loss or expenses that they have advanced.

That no settlement shall be made without the consent of the parties hereto. That attorneys may withdraw at any time without prejudice to the clients' cause of action upon giving reasonable notice. *Client may withdraw anytime. SY*

That this agreement pertains to the prosecution of the above-referenced claim only, from the date of this agreement through the completion of settlement or trial; and any other legal representation by the attorneys shall be subject to separate agreement. This agreement pertains only to legal representation at the trial court level; legal representation before a Court of Appeal or Supreme Court shall also be subject to separate agreement.

This office, in conformity with the requirements of the Business and Professions Code, carries Professional Liability Insurance in excess of the minimum required by law.

DANKO MEREDITH
333 Twin Dolphin Drive, Suite 145
Redwood Shores, CA 94065
(650) 342-6100

By _____
Michael S. Danko

CLIENTS

Dated: _05/21/2017_

x _____

_____

The above client signature(s) will serve to acknowledge the client's receipt of a copy of this agreement.

(Rev. 07/13)

# EXHIBIT 2

Plaintiffs' Notice of Motion and Motion for Approval of Minors' Compromise:
Declaration of Stuart R. Fraenkel
Case No.: 4:18-cv-00584-HSG

# Minor's Compromise Addendum

# For

███████

██████████ is to be used on behalf of ████████, with the court's permission, to purchase an annuity, in which MetLife Assignment Company, Inc. will provide for the following Periodic Payments to be made by Metropolitan Tower Life Insurance Company rated A+XV by A.M. Best.

Assignor/Defendant agrees to make the periodic payments set forth in section (a), herein below. All sums constitute damages on account of personal injuries arising from an occurrence within the meaning of Section 104(a)(2).

  a)   The periodic payment schedule for ████████ is as follows:



        Claimant acknowledges and agrees that the Defendant and/or the Insurer may make "qualified assignment" within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the Defendant's and/or the Insurer's liability to make the periodic payments required herein.  Any such assignment, if made, shall be accepted by the Claimant without right of rejection and shall completely release and discharge the Defendant and the Insurer from such obligations hereunder as are assigned to MetLife Assignment Company, Inc. (hereinafter "Assignee"). The Claimant recognizes that, in the event of such an assignment, the Assignee shall be their sole obligor with respect to the obligations assigned, and that all other releases that pertain to the liability of the Defendant and the Insurer shall thereupon become final, irrevocable and absolute.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 3

Plaintiffs' Notice of Motion and Motion for Approval of Minors' Compromise:
Declaration of Stuart R. Fraenkel
Case No.: 4:18-cv-00584-HSG

# Minor's Compromise Addendum
# For

███████████

███████████ is to be used on behalf of ███████████, with the court's permission, to purchase an annuity, in which MetLife Assignment Company, Inc. will provide for the following Periodic Payments to be made by Metropolitan Tower Life Insurance Company rated A+XV by A.M. Best.

Assignor/Defendant agrees to make the periodic payments set forth in section (a), herein below. All sums constitute damages on account of personal injuries arising from an occurrence within the meaning of Section 104(a)(2).

    a)   The periodic payment schedule for ███████████ is as follows:



    Claimant acknowledges and agrees that the Defendant and/or the Insurer may make "qualified assignment" within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the Defendant's and/or the Insurer's liability to make the periodic payments required herein.  Any such assignment, if made, shall be accepted by the Claimant without right of rejection and shall completely release and discharge the Defendant and the Insurer from such obligations hereunder as are assigned to MetLife Assignment Company, Inc. (hereinafter "Assignee"). The Claimant recognizes that, in the event of such an assignment, the Assignee shall be their sole obligor with respect to the obligations assigned, and that all other releases that pertain to the liability of the Defendant and the Insurer shall thereupon become final, irrevocable and absolute.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DECLARATION OF ESRA SEVER

I, Esra Sever, do hereby declare as follows:

1.      I am a Plaintiff in this action and have personal knowledge of the facts set forth herein and if called upon to testify I could and would do so competently.

2.      I am the natural mother and legal guardian of minors A.S. and B.S.

3.      A.S. was born on ████████████████████████ B.S. was born on ████████████████████

4.      This declaration is submitted in support of the motion to approve the compromise of this lawsuit on behalf of the minor plaintiffs, A.S. and B.S.

5.      I am now the sole provider for my children, A.S. and B.S. I have, and will continue to, take care of them until they reach the age of majority and likely beyond that particularly for A.S. who ████████████████████

6.      My attorneys have explained, and I fully understand that if the settlement is approved by the Court, A.S. and B.S. will be forever barred and prevented from seeking any further recovery of compensation in the future.

7.      I understand and agree with the information contained in Plaintiffs' Motion for Approval of the Compromise of the Action on Behalf of the Two Minor Plaintiffs.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this __9th__ day of January, 2019 at _Long Beach_ , New York.

_____
Esra Sever

1