UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESRA SEVER, INDIVIDUALLY, AND AS PARENT AND NATURAL GUARDIAN OF HER MINOR CHILDREN, A.S. AND B.S., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ICON AIRCRAFT, INC.,<br><br>Defendant. | Case No. 18-cv-00584-HSG<br><br>**ORDER GRANTING MOTION FOR APPROVAL OF COMPROMISE OF ACTION; DENYING MOTION TO SEAL**<br><br>Re: Dkt. Nos. 53, 56 |

Pending before the Court are Plaintiffs' (1) motion for approval of the compromise of the action on behalf of the two minor Plaintiffs, *see* Dkt. No. 56 ("Mot."); and (2) administrative motion to file under seal, *see* Dkt. No. 53. The Court **GRANTS** the motion for approval of the compromise and **DENIES** the administrative motion to file under seal.

## I.    MOTION FOR APPROVAL OF COMPROMISE

### A.    Legal Standard

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see* Fed. R. Civ. P. 17(c) (providing that district court "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action"). When there is a proposed settlement in a suit involving a minor plaintiff, this "special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). As part of this inquiry, the "court must independently investigate and evaluate any compromise or settlement of a minor's

claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). The district court must review "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1182. But the court must disregard the "proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel" because the court has "no special duty to safeguard" their interests. *Id.*

**B. Discussion**

Based on its review of Plaintiffs' submissions, the Court finds that the proposed settlement is fair and reasonable and serves the best interests of the minors. A.S. and B.S. will each receive 12.5% of the net settlement proceeds, with their mother (and guardian ad litem) receiving the remaining 75% of the settlement. *See* Mot. at 7. The settlement is arranged so that A.S. and B.S. will each be entitled to four annual structured payments, of substantial value, when each reaches the age of 18. *See id.*

The Court finds the settlement particularly fair and reasonable given the substantial difficulties and uncertainties in continuing to litigate these claims, as well as the considerable efforts that went into settlement negotiations. Plaintiffs invoked this Court's admiralty jurisdiction, which, as they note, required them to "prove that Lake Berryessa . . . is a navigable waterway" and that Mr. Sever died while engaged in an activity bearing "a significant relationship to traditional maritime activity." *See id.* at 6. Defendants moved to dismiss the claims for lack of jurisdiction, *see* Dkt. No. 26, and had that motion been granted, Plaintiffs acknowledge that their claims "would have been completely dismissed," *see* Mot. at 6. Plaintiffs further represent that they conducted "months of negotiations and meetings with defense counsel" and Defendant's board of directors before reaching a settlement just before the motion to dismiss was to be heard. *See id.* at 8.

Accordingly, the Court **GRANTS** the motion for approval of the compromise of the action and directs the parties to disburse the proceeds of the settlement as detailed in the Plaintiffs'

2

1 proposed order, *see* Dkt. No. 53-5.

## II. MOTION TO SEAL

### A. Legal Standard

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions, however, are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (quotation omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

### B. Discussion

Because approval of the compromise of the action will terminate this suit, the Court will apply the "compelling reasons" standard to Plaintiffs' administrative motion to file under seal. *See Doe v. Mt. Diablo Unified Sch. Dist.*, No. 14-CV-02167-HSG, 2015 WL 5438951, at *2 (N.D. Cal. Sept. 14, 2015); *see also Keirsey v. eBay, Inc.,* No. 12-cv-1200, 2013 WL 5609318, at *2 (N.D. Cal. Oct. 11, 2013) ("[A] motion seeking the Court's preliminary approval of the settlement of the case may be effectively dispositive. While the Court has not identified any authority discussing the appropriate standard for a motion of this type, the Court concludes that the 'compelling reasons' standard is the appropriate standard.").

Plaintiffs have entered into a confidential settlement agreement and seek to seal "confidential information" related to the minor Plaintiffs that "could leave the minor plaintiffs vulnerable" and may "jeopardize[]" their "right to privacy." *See* Dkt. No. 53 at 2–3.

However, the "parties' preference that their settlement remain confidential does not 'outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process' and 'significant public events.'" *Doe*, 2015 WL 5438951, at *2 (quoting *Kamakana*, 447 F.3d at 1178–79) (internal citations, quotation marks, and alterations omitted). Quite possibly, there may be information in Plaintiffs' motion and supporting documents that meets the compelling reason standard and should thus be shielded from public disclosure. But Plaintiffs have not made a narrowly tailored request and articulated a

4

compelling reason to seal each category of information identified. *See* Dkt. No. 53 at 3. For example, information about the settlement amount in a compromise action is not necessarily shielded from public access. *See, e.g.*, *Nephew v. Santa Rosa Mem'l Hosp.*, No. 15-CV-01684-JSC, 2015 WL 5935337, at *3 (N.D. Cal. Oct. 13, 2015); *Frary v. Cty. of Marin*, No. 12-CV-03928-MEJ, 2015 WL 575818, at *3 (N.D. Cal. Feb. 10, 2015).

Accordingly, Plaintiffs' motion to seal is **DENIED** without prejudice. Should Plaintiffs wish to file a revised motion to seal that complies with Civil Local Rule 79-5, they must do so by February 11, 2019. Such a "future motion to seal must identify a compelling reason to seal and propose tailored redactions of only the information to which that compelling reason applies." *Doe*, 2015 WL 5438951, at *2.

### III. CONCLUSION

For the reasons described above, the Court **GRANTS** the motion for approval of the compromise of the action and **DENIES** the administrative motion to file under seal.

The parties shall file a stipulated dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which does not require an order of approval from the Court, by February 25, 2019.

**IT IS SO ORDERED.**

Dated: 1/28/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge